UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Chelsey Greaves,<br><br>　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　Defendant. | Case No. 20-12131<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [22], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

　　　Chelsey Greaves files this action for review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under the Social Security Act. Specifically, the Commissioner determined that Greaves was not disabled because her impairments do not medically equal an impairment listed in the relevant regulations. (ECF No. 22, PageID.475.) Both parties moved for summary judgment. (ECF Nos. 11, 17.) Before the Court is Magistrate Judge Altman's Report and Recommendation recommending the Commissioner's Motion for Summary Judgment be granted and Greaves' Motion for Summary Judgment be denied. (ECF No. 22, PageID.493.)

At the conclusion of the January 11, 2022 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 22, PageID.493.) It has now been more than fourteen days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 22.) It follows that the Commissioner's Motion for Summary Judgment (ECF No. 17) is GRANTED and Greaves' Motion for Summary Judgment (ECF No. 11) is DENIED.

SO ORDERED.

Dated: January 28, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
